IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Antwain Littlejohn, Plaintiff, v. Bradford L. James, Defendant. | Case No. 7:26-cv-00674-DCC **ORDER** |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On March 20, 2026, the Magistrate Judge issued a Report ("the First Report") recommending that certain Defendants be dismissed from this action without issuance and service of process. ECF No. 15. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. The same day, the Magistrate Judge authorized service on Defendant James. ECF No. 16. Plaintiff did not file objections, and on May 5, 2026, the undersigned agreed with the Magistrate Judge's recommendation. ECF No. 26. Defendants Moore, White, and Spartanburg County Sheriff Dept. were dismissed.

On April 3, 2026, Defendant James filed a motion to dismiss. ECF No. 21. On May 8, 2026, the Magistrate Judge issued a Report ("the Second Report") recommending

that the motion be denied. ECF No. 31. Plaintiff filed objections, and Defendant James filed a reply. ECF Nos. 35, 36. The Court has also considered Plaintiff's letter filed on September 4, 2026. ECF No. 49.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

With respect to the Second Report, the only issue raised is the statute of limitations. The parties agree that a three-year statute of limitations is applicable to this action; that the causes of action accrued on February 16, 2023; and that this action was filed on February 17, 2026. As explained by the Magistrate Judge, February 16, 2026, was Presidents' Day, which was a federal holiday; accordingly, this action was timely filed

on February 17, 2026. No party has specifically objected to this finding. Under either a clear error or de novo standard of review, the Court agrees with and adopts the recommendation of the Magistrate Judge.

Turning to Plaintiff's objections, the Court agrees with Defendant James's argument in his reply that Plaintiff does not address the Second Report. Plaintiff labeled the document as "Plaintiff's objections to the Defendant's Report and Recommendations." ECF No. 35. He states as follows:

> I Antwain Littlejohn object to the Defendants Report and Recommendations all gang unit officers were physically present and actively participated, making them each individually liable under S.C. 1983.
>
> The Court May 8, 2026 denied Defendants motion to dismiss and other Defendants need to stay in, the conduct was identical.
>
> I have evidence of video footage on USB drive available when Clerk of Court needed for submission.

To the extent this document is intended as objections to the First Report, it is out of time. The Court notes Plaintiff's letter filed September 4, 2026, in which Plaintiff seems to assert that he is having issues receiving mail. He does not specifically state what mail he has not received, other than informing the Court that he did not receive Defendant's motion for summary judgment, filed on June 25, 2026, until June 28, 2026.[1] Based upon the totality of Plaintiff's filings, upon de novo review, and given that there is no allegation

[1] Plaintiff also refers to June 11, 2026. The document filed on July 11, 2026, was Defendant's reply to his objections.

that Plaintiff did not timely receive the First Report and there is no reason given for filing objections at this late date, the Court finds that any objection to the First Report is untimely. Further, as the document is clearly labeled "objections" and there is no mention of reconsideration, the Court declines to liberally construe Plaintiff's filing as a motion for reconsideration. *See Miller v. Jack*, No. CIV.A. 1:06CV64, 2007 WL 2050409, at *3 (N.D.W. Va. July 12, 2007), *aff'd,* 261 F. App'x 540 (4th Cir. 2008) ("Liberal construction does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." (citing *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978))).

Therefore, after considering the record in this case, the applicable law, and the Second Report of the Magistrate Judge, the Court adopts the Magistrate Judge's recommendation. Defendant's motion to dismiss [21] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 6, 2026
Spartanburg, South Carolina